**WAYNE L. BRODERICK,**

      **Petitioner,**

**v.**
                        **Case No.: 8:18-cv-1058-T-27SPF**
                        **Criminal Case No.: 8:14-cr-358-T-27SPF**

**UNITED STATES OF AMERICA,**

      **Respondent.**

_____/

## ORDER

**BEFORE THE COURT** are Petitioner Broderick's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (cv Dkt. 1), Memorandum in Support (cv Dkt. 2), the United States' Response (cv Dkt. 10), and Broderick's Reply (cv Dkt. 13). Upon review, Broderick's § 2255 motion is **DENIED**.

## BACKGROUND

In 2014, Broderick was indicted and charged with eight counts of firearm and drug offenses. (cr Dkt. 1). Pursuant to a written plea agreement, he pleaded guilty to one count of possession with intent to distribute cocaine (Count Three) and one count of possession of a firearm in furtherance of a drug trafficking crime (Count Four). (cr Dkt. 24 at 1). As provided in the plea agreement, at sentencing the United States dismissed the remaining counts, including two counts of felon in possession of a firearm. (Id. at 3; cr Dkt. 55 at 47).

At the change of plea hearing, Broderick stipulated to the factual basis in the plea agreement. (cr Dkt. 24 at 20-23; cr Dkt. 54 at 35-38). The factual basis demonstrated that, in February 2014, law enforcement responded to Broderick's apartment and, while speaking with

him, could smell marijuana. (cr Dkt. 24 at 20). The police obtained a warrant to search the apartment and found cocaine, marijuana, methamphetamine, three firearms, ammunition, and evidence of identity refund fraud, including a ledger of stolen personal identifying information. (Id. at 20-21). Police returned to his residence in June 2014 and observed him attempt to sell a bag of suspected marijuana to a man at his door. (Id. at 22). Officers arrested Broderick and obtained another warrant to search the residence. (Id.). During the search, officers found a firearm, ammunition, marijuana, cocaine, and drug paraphernalia. (Id.).[1]

Also at the change of plea hearing, Broderick acknowledged that he understood the nature of the offenses to which he pleaded guilty.[2] (cr Dkt. 54 at 31). He further denied being threatened or forced to plead guilty or being promised anything outside the plea agreement, confirmed that he spoke with counsel before deciding to plead guilty, and expressed satisfaction with counsel's representation. (Id. at 12, 14-15). He also acknowledged the crimes' statutory maximum sentences, that the recommendations included in the plea agreement were not binding on the sentencing court, and that by pleading guilty he was giving up constitutional rights, including the right to a jury trial. (Id. at 15, 18, 26, 29-30). The Court found that Broderick entered the guilty plea intelligently, knowingly, and voluntarily, and the plea was accepted. (Id. at 39; cr Dkts. 29, 30).

The presentence report (PSR) reflected that, due to Broderick's status as a career offender and a three-level reduction for acceptance of responsibility, his offense level was 29 and his

---

[1] As charged in the indictment, Counts Three and Four relate only to the drugs and firearms found during the February search.

[2] As to Count Four, the Magistrate Judge incorrectly stated that the United States must prove the elements of felon in possession of a firearm, rather than possession of a firearm in furtherance of a drug trafficking crime. (cr Dkt. 54 at 31). Earlier in the hearing, however, the Magistrate Judge correctly explained that Broderick was pleading guilty to possession of a firearm in furtherance of a drug trafficking crime, Count Four in the indictment. (Id. at 14).

criminal history category was VI. (cr Dkt. 32 ¶¶ 39-40, 42, 79; cr Dkt. 55 at 30). Broderick faced an advisory guidelines range of 262 to 327 months imprisonment and a consecutive five-year mandatory minimum sentence on Count Four. (cr Dkt. 32 ¶¶ 43, 79, 141). Through counsel, he raised objections to the PSR relating to the cocaine conviction, the career offender enhancement, and the scoring of prior convictions to increase his criminal history category. (Id. at 37-40). Broderick's counsel also filed a sentencing memorandum, in which he requested a seven-year sentence based on the 18 U.S.C. § 3553(a) factors, *United States v. Booker*, 543 U.S. 220 (2005), and U.S.S.G. §4A1.3.[3] (cr Dkt. 36 at 5).

At sentencing, Broderick agreed to withdraw his objection relating to the cocaine charge. (cr Dkt. 55 at 4). Counsel maintained a second objection, asserting that two of Broderick's prior convictions resulted in concurrent sentences, were related, and therefore should not count as separate qualifying convictions to support the career offender enhancement. (Id. at 5). Noting that the predicate offenses were committed on different dates, contained in separate charging documents, and resulted in sentences imposed on different dates, the Court found that they were not related and overruled the objection. (Id. at 13-18).

As to a third objection to information in the PSR describing prior offenses, counsel acknowledged that the convictions supporting the career offender enhancement were supported by *Shepard*-approved documents,[4] and the objection was likewise overruled. (Id. at 19). The Court also overruled a final objection relating to reliance on a docket sheet prepared by a county clerk's

---

[3] Section 4A1.3(b)(1) provides that "[i]f reliable information indicates that the defendant's criminal history category substantially overrepresents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted."

[4] *Shepard v. United States*, 544 U.S. 13 (2005).

office to determine that Broderick had served a sentence of imprisonment on a conviction. (Id. at 23). In doing so, the Court noted that, even if the objection were sustained, it would not affect the guidelines range. (Id. at 23-24).

As in his memorandum, Broderick's counsel at sentencing requested a term of seven years imprisonment. (Id. at 26-29). During his allocution, Broderick maintained his innocence of the convictions and stated that he "know[s] [he] can't withdraw [his] plea." (Id. at 31). When presented with an opportunity to withdraw his plea, he confirmed, "No . . . I'm not gonna withdraw it." (Id. at 32-33). After consideration of the 18 U.S.C. § 3553(a) factors, Broderick was sentenced to 180 months on Count Three and 60 months to run consecutively on Count Four. (cr Dkt. 55 at 45).

After sentencing, Broderick filed a pro se motion challenging the validity of the indictment and the sufficiency of the evidence. (cr Dkt. 44). While the motion was pending, he filed a notice of appeal of his judgment, which terminated the motion. (cr Dkts. 46, 53). Broderick's appellate counsel filed an *Anders* brief,[5] which addressed whether Broderick's guilty plea was knowing and voluntary and whether the sentence violated the Eighth Amendment, exceeded the applicable guidelines range, or was substantively unreasonable. *United States v. Broderick*, No. 15-12466-EE, 2015 WL 6777722 (11th Cir. Nov. 3, 2015).[6] After an "independent review of the entire

---

[5] *Anders v. California*, 386 U.S. 738 (1967).

[6] The plea agreement included an appeal waiver in which Broderick waived

> the right to appeal [his] sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds [his] applicable guidelines range *as determined by the Court* pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then [he] is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

record," the Eleventh Circuit agreed with "counsel's assessment of the relative merit of the appeal" and affirmed Broderick's conviction and sentence. (cr Dkt. 60); *United States v. Broderick*, 645 F. App'x 870 (11th Cir. 2016). The Supreme Court denied his subsequent petition for writ of certiorari. *Broderick v. United States*, 137 S. Ct. 2231 (2017).

In his timely § 2255 motion and memorandum, Broderick raises fifteen grounds for relief relating to ineffective assistance of trial and appellate counsel. (cv Dkts. 1, 2).[7] The United States responds that the claims are without merit. (cv Dkt. 10). The Court agrees.

## STANDARD

To establish ineffective assistance of counsel, Broderick must demonstrate that (1) counsel's performance was constitutionally deficient, and (2) he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. And "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (citation and internal quotation marks omitted).

---

(cr Dkt. 24 at 17 (emphasis in original)).

[7] Broderick also filed a reply. (cv Dkt. 13). This Court is mindful of its responsibility to address and resolve all claims raised in Broderick's motion. *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (instructing "the district courts to resolve all claims for relief raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254"). That said, nothing in *Clisby* requires or suggests consideration of a claim raised for the first time in a reply.

The *Strickland* test also applies to challenges of guilty pleas. *See Scott v. United States*, 325 F. App'x 822, 824 (11th Cir. 2009). The Eleventh Circuit explains:

> In this context, the first prong of *Strickland* requires the defendant to show his plea was not voluntary because he received advice from counsel that was not within the range of competence demanded of attorneys in criminal cases. The second prong focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process, meaning the defendant must show a reasonable probability that, but for counsel's errors, he would have entered a different plea.

*Id.* (internal quotation marks and citations omitted); *see Lafler v. Cooper*, 566 U.S. 156 (2012).

Significant to Broderick's claims of ineffective assistance of counsel, "counsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial," and "need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial." *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984). Counsel must make an "independent examination of the facts, circumstances, pleadings and laws involved, [and] offer his informed opinion as to the best course to be followed in protecting the interests of the client." *Id.* Collateral relief is only available if a petitioner "prove[s] serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act." *Lopez v. Reid*, No. 214CV584FTM38MRM, 2017 WL 2869405, at *2 (M.D. Fla. July 5, 2017) (quoting *McMann v. Richardson*, 397 U.S. 759, 774 (1970)).

## DISCUSSION

Because Broderick cannot show that his trial or appellate counsel's performance was deficient or that he suffered any resulting prejudice, his ineffective assistance of counsel claims fail. To the extent he challenges his conviction or sentence independent of his ineffective assistance

of counsel claims, the challenge is not cognizable and without merit. *See Spencer v. United States*, 773 F.3d 1132, 1139 (11th Cir. 2014) (concluding that on a § 2255 motion a prisoner may only challenge a sentencing error "when he can prove that he is either actually innocent of his crime or that a prior conviction used to enhance his sentence has been vacated").

### *Ground One – Failing to Advise Broderick of the Possibility of an Open Plea*

In Ground One, Broderick contends that "Trial counsel . . . was ineffective during the Plea proceedings" in "fail[ing] to advise [him] that he could plead 'straight up' to all counts of the indictment without a plea agreement, and thereby retain his right to appeal on the issues of his choosing."[8] (cv Dkt. 1 at 4). In his memorandum, he explains that "[h]ad counsel informed this to [him] there is a reasonable probability the outcome would have been different and the Court of Appeals would not have relied upon the appeal waiver provision of the Plea Agreement to decline to consider [his] appeal, and affirm the Anders brief." (cv Dkt. 2 at 2).[9] However, even if trial

---

[8] A plea that is not entered pursuant to a plea agreement is known as an "open plea." *See Liebman v. Dep't of Corr.*, 411 F. App'x 261, 262 n.1 (11th Cir. 2008). In its response to Broderick's motion, the United States includes an affidavit from his trial counsel in which he avers that he informed Broderick that he could enter an open plea. (cv Dkt. 10-1 at 6-7). In any event, it is unnecessary to rely on counsel's affidavit to resolve the § 2255 motion and an evidentiary hearing is not required, since the § 2255 motion "and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

[9] The Eleventh Circuit's opinion affirming Broderick's convictions and sentence does not mention the appeal waiver. (cr Dkt. 60). Broderick nonetheless speculates that the appellate court "relied upon the appeal waiver provision of the Plea Agreement to decline to consider an appeal and affirm the Anders Brief by counsel." (cv Dkt. 2 at 4).

Any such reliance, however, is irrelevant to Broderick's claims, since he agreed to the provision knowingly and voluntarily in the plea agreement and at the plea hearing. (cr Dkt. 54 at 21-23). The Court further confirmed that Broderick discussed this "significant provision" with his counsel. (Id. at 21, 23). There is no indication in the record that he misunderstood any of the terms of the plea agreement or that he objected to the appeal waiver. *See United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008) ("The waiver is valid if the government shows either that: (1) the district court specifically questioned the defendant about the waiver; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver."). Moreover, the validity of the appeal waiver was raised by appellate counsel in his *Anders* brief. *Broderick*, 2015 WL 6777722, at *37-38. The Eleventh Circuit agreed with his assessment of the merits of the appeal and affirmed the convictions and sentence. (cr Dkt. 60).

counsel's performance was deficient in failing to advise Broderick about the possibility of an open plea, Broderick is unable to demonstrate that he suffered any resulting prejudice.

Courts have found that, "where counsel allegedly failed to advise the defendant of the option to enter an open plea, to establish prejudice the petitioner must show a reasonable probability that: (1) he would have pled guilty 'straight up'; (2) the Court would have accepted the open plea; (3) the defendant would have appealed the sentence; and (4) the defendant's sentence after the appeal 'would have been less severe than under the judgment and sentence that in fact were imposed.'" *See Kasper v. United States*, No. 3:13-cr-60-J-32PDB, 2018 WL 501557, at *5-6 (M.D. Fla. Jan. 22, 2018) (citing *Taylor v. United States*, No. 16-12138-K, 2017 WL 5202358, at *3 (11th Cir. Aug. 18, 2017)). Here, there is no indication that, had he been aware of the possibility, Broderick would have pleaded guilty without the benefit of a plea agreement or that his sentence after appeal "would have been less severe than under the judgment and sentence that in fact were imposed."

Although Broderick now claims that he would have preferred an open plea to the plea agreement, there are several factors suggesting otherwise. First, in the plea agreement, the United States agreed to dismiss the remaining six charges against him. (cr Dkt. 24 at 3). This included two charges of felon in possession of a firearm, which would have carried substantial consecutive sentences. (cr Dkt. 1 at 1-2, 4-5).[10] The United States further agreed not to charge him with any

---

[10] At sentencing, the Court noted that had he "been convicted under Count One, a 15-year minimum mandatory would have been required." (cr Dkt. 55 at 25). The United States further explained that Broderick's counsel

> worked tirelessly to negotiate a good deal for Mr. Broderick. [We] had an initial version of a plea agreement, which was having him plead to the armed career criminal and the 924(c), which potentially could have resulted in even higher penalties without the Court having the discretion that it has today. [Counsel] advocated for his client to come back on that.

additional offenses, "includ[ing] tax or identity theft charges that could be brought based upon evidence collected from [his] home during the searches that took place." (cr Dkt. 24 at 3); *see Kasper*, 2018 WL 501557, at *6 (finding no prejudice for failure to advise about open plea where plea agreement prevented additional charges). Broderick was also eligible for a three-level reduction for acceptance of responsibility. (cr Dkt. 24 at 4). And at the time he pleaded guilty, Broderick would have been unaware of any basis of an appeal that related to sentencing. *See Kasper*, 2018 WL 501557, at *5-6 ("Any suggestion that he would have rejected the plea offer in favor of an open plea—without the protections afforded by the plea agreement—is little more than self-serving speculation, which is insufficient to warrant relief.").

Tellingly, Broderick is unable to point to any nonfrivolous grounds for appeal, much less one that was barred by the appeal waiver. The issues he raises in his § 2255 motion are without merit and would not have resulted in a lesser sentence after an appeal. *See Kasper*, 2018 WL 501557, at *6; *Liebman*, 411 F. App'x at 264-65 (finding no prejudice where petitioner "failed to indicate exactly which appellate issues he wished to preserve such that, had he known his appellate rights under an open no-contest plea were severely limited, he would have chosen instead to take his case to trial"); *see also Gordon v. United States*, No. 3:10-cr-130-J-34JRK, 2015 WL 413102, at *11-12 (M.D. Fla. Jan. 30, 2015) ("[A]s [Petitioner] now alleges that an open plea would have been preferable to the Plea Agreement because an open plea would have preserved his right to appeal, [he] has further failed to show prejudice because he has not identified any arguably meritorious appellate issues.").

---

(Id. at 39). Broderick does not expressly refute these statements.

Accordingly, in the absence of a reasonable probability that Broderick would have pleaded guilty without the benefit of a plea guilty or that his sentence would have been less severe following an appeal unrestricted by an appeal waiver, he cannot demonstrate prejudice and the claim fails.

**Ground Two – Failing to Challenge the Validity of the Guilty Plea on Appeal**

In Ground Two, Broderick alleges "Appeal Counsel . . . was ineffective in failing to file a direct appeal challenging the voluntariness of [his] guilty plea. [He] asked counsel to file his direct appealing [sic] challenging the voluntariness and the acceptance of his guilty plea." (cv Dkt. 1 at 5). He further contends that the appeal waiver did not prevent a challenge to the knowing and voluntary nature of the guilty plea and that he asked counsel to challenge the sufficiency of the factual basis supporting the conviction. (cv Dkt. 2 at 3).

Because Broderick does not demonstrate deficient performance or resulting prejudice, this claim fails. Indeed, appellate counsel filed an *Anders* brief in which he addressed a potential challenge to the voluntary nature of the guilty plea. *Broderick*, 2015 WL 6777722. As noted in the brief, the plea colloquy satisfied every requirement of Rule 11 of the Federal Rules of Criminal Procedure. *Id.* at *24-26. Additionally, Broderick stipulated to the plea agreement's factual basis. (cr Dkt. 54 at 34-38). He further denied being threatened or forced to plead guilty or being promised anything outside the plea agreement, confirmed that he spoke with counsel before deciding to plead guilty, and expressed satisfaction with counsel's representation. (Id. at 12, 14-15). He also acknowledged that the recommendations included in the plea agreement were not binding on the sentencing court, and that by pleading guilty he was giving up constitutional rights, including the right to a jury trial. (Id. at 15, 18, 26, 29-30).

10

Although the Magistrate Judge misstated the elements of a crime to which Broderick was pleading guilty, as discussed below, this did not render his guilty plea involuntary and unknowing. (cr Dkt. 54 at 30-31). And although Broderick maintained his innocence during his allocution at sentencing, stating that he "know[s] [he] can't withdraw [his] plea," when presented with multiple opportunities to withdraw his plea, he confirmed, "No . . . I'm not gonna withdraw it." (cr Dkt. 55 at 23, 32-33).[11] Moreover, Broderick did not object to the Magistrate Judge's Report and Recommendation concerning his guilty plea. *See United States v. Barefoot*, 342 F. App'x 480, 484 (11th Cir. 2009) (finding argument that guilty plea was not entered intelligently and knowingly waived because of failure to object to report and recommendation).

Any challenge to Broderick's guilty plea would have been without merit, and counsel is not ineffective in failing to make a meritless objection or raise a meritless argument. *Freeman v. Attorney General, State of Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008) ("A lawyer cannot be deficient for failing to raise a meritless claim."); *see also Hall v. United States*, No. 3:13-CR-15-J-32PDB, 2019 WL 7293588, at *9 (M.D. Fla. Dec. 30, 2019) (finding that counsel's filing of an

---

[11] In an affidavit included in the United States' response, appellate counsel explains,

> After I completed my review, I concluded that there existed no issues of arguable merit. As such, I drafted and filed a 47-page *Anders* brief. In my *Anders* brief, I addressed why the factual basis was sufficient and how Mr. Broderick had not only confirmed he understood it at the plea hearing, but had declined the Court's invitation to withdraw his guilty plea and proceed to trial. . . .

> . . . As I extensively explained in my *Anders* brief . . . , those arguments [relating to the sufficiency of the factual basis] were frivolous. Indeed, in my *Anders* brief, I had also explained how, at the plea hearing, Mr. Broderick had declined the Court's invitation to withdraw the guilty plea. As such, Mr. Broderick had likely invited any error, rendering it completely unreviewable on appeal. Ultimately, after performing its own *independent* review the Eleventh Circuit agreed with my assessment, which conclusively settles the matter.

(cv Dkt. 10-4 at 5-6). To the extent this presents a factual dispute with Broderick's allegations, it is unnecessary to rely on counsel's averments to resolve the § 2255 motion.

*Anders* brief that addressed guilty plea did not constitute ineffective assistance) (citing *Grubbs v. Singletary*, 120 F.3d 1174, 1177 (11th Cir. 1997)). Indeed, the Eleventh Circuit conducted an "independent review of the entire record," agreed with "counsel's assessment of the relative merit of the appeal," and affirmed Broderick's conviction and sentence. (cr Dkt. 60). Accordingly, in the absence of deficient performance or resulting prejudice, the claim fails.

### *Ground Three – Counting Prior Convictions for the Criminal History Category*

In Ground Three, Broderick contends "Trial counsel . . . was ineffective prior to sentencing in failing to argue [his] predicates should not have been separately counted. [His] state sentences were consolidated per plea agreement." (cv Dkt. 1 at 6). He explains that the United States Sentencing Guidelines § 4A1.2(a)(2) provides that sentences imposed in related cases are to be treated as one sentence for scoring the criminal history category. (cv Dkt. 2 at 5). The record belies this claim.

Counsel raised this issue prior to sentencing. (cr Dkt. 32 at 37-39). And at sentencing, he presented court records for three cases: CF05-1050 (possession of cocaine with intent to sell or deliver, sale of cocaine), CF05-1245 (attempting to possess a firearm by a convicted felon and maintaining a structure for using, keeping, or selling controlled substances), and CF05-1246 (possession of cannabis with intent to sell or deliver, sale of cannabis). (cr Dkt. 55 at 5-6; cr Dkt. 32 ¶¶ 69-71). In calculating Broderick's criminal history category, the PSR scored CF05-1050 and CF05-1246 as 3 points each, but it did not score CF05-1245.[12] (cr Dkt. 32 ¶¶ 69-71).

---

[12] To the extent Broderick claims his counsel was ineffective as to CF05-1245, the claim fails. (cv Dkt. 2 at 22-23). The PSR did not assess any criminal history points for CF05-1245, and the conviction was not deemed a predicate offense to support the career offender enhancement.

Counsel acknowledged that CF05-1050 and CF05-1246 resulted in "two separate sentences," but argued that the documents "point to some type of discussions of consolidation." (cr Dkt. 55 at 8). He further acknowledged that the crimes were committed on different dates and charged separately, and that Broderick was sentenced on different dates. (Id. at 13-14). Indeed, the crimes involved the sale of two different types of drugs several weeks apart. (cr Dkt. 32 ¶¶ 69, 71). Broderick further pleaded guilty to one crime and proceeded to trial on the other. (cr Dkt. 55 at 14; cr Dkt. 32 ¶¶ 69, 71). The record therefore demonstrates that counsel raised the argument, but it was rejected.

Even if counsel failed to raise the argument, he was not "deficient for failing to raise a meritless claim." *Freeman*, 536 F.3d at 1233. Indeed, even if there was no intervening arrest, it was appropriate to count the prior sentences separately because they did not result from offenses contained in the same charging instrument and were not imposed on the same day.[13] In the absence of deficient performance and resulting prejudice, the claim fails and is due to be denied.

***Ground Four – Amendment 709***

In Ground Four, Broderick contends "Trial counsel . . . was ineffective in failing to object to the Ex Post Facto violation that was applied to [him] prior to sentencing. [His] two predicate offenses were part of a single common scheme or plan and were consolidated for trial or sentencing. Amendment 709 deprived [him] of liberty in violation of his constitutional due process rights." (cv Dkt. 1 at 8). In his memorandum, he explains that his "prior predicate convictions

---

[13] Under the guidelines, if there was no intervening arrest, prior sentences are counted separately "unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day." U.S.S.G. §4A1.2(a)(2).

cannot serve as separate predicate sentences under the version of the Guideline in effect prior to Amendment 709.40." (cv Dkt. 2 at 7). He reasons that the former version of §4A1.2(a)(2), which treated prior sentences imposed in "related" cases as a single sentence, was in effect at the time he committed the prior offenses. (Id.).

Broderick fails to demonstrate that trial counsel was ineffective or that he suffered any resulting prejudice. Indeed, courts apply the sentencing guidelines manual in effect on the date of sentencing. U.S.S.G. §1B1.11(1); *see United States v. Bailey*, 123 F.3d 1381, 1403 (11th Cir. 1997). At the time of Broderick's sentencing, Amendment 709 had taken effect and §4A1.2(a)(2) no longer included language directing courts to treat prior sentences in related cases as one sentence. *See United States v. Gibbs*, 323 F. App'x 743, 744-45 (11th Cir. 2009). And although the amendment might not have been in effect at the time his prior sentences were imposed, he fails to cite authority finding an *ex post facto* violation under such circumstances.[14]

---

[14] Petitioner cites *United States v. Peugh*, 569 U.S. 530 (2013), which noted that "[t]he Constitution forbids the passage of *ex post facto* laws, a category that includes every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed." 569 U.S. at 532 (citations and internal quotation marks omitted). An example of such a law is the imposition of sentencing guidelines that did not exist at the time of the offending conduct. *Id.*

However, Broderick was not sentenced under guidelines that were promulgated after his crimes were committed. Rather, Amendment 709, effective in 2007, merely clarified when multiple prior sentences should be treated separately in calculating a defendant's criminal history score. *See, e.g., United States v. Shivers*, 511 F. App'x 832, 834 (11th Cir. 2013) (finding no violation where district court used "prior conviction to stiffen the penalty for his current . . . offense, rather than imposing or increasing punishment for a crime *committed* prior to the enactment of the 2011 offender guideline" (internal quotation marks, citations, and brackets omitted)).

Finally, it is not clear that, even under the guidelines prior to Amendment 709, it would have been appropriate to treat the prior sentences as a single sentence. *See United States v. Ammons*, 727 F. App'x 591, 593 (11th Cir. 2018) ("[P]rior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing.") (quoting U.S.S.G. § 4A1.2, comment. (n.3) (2003)).

Although counsel argued that records "point[ed] to some type of discussions of consolidation," namely due to concurrent sentences and the entry of the same minutes in each case (cr Dkt. 55 at 9-12), he acknowledged the crimes were committed on different dates, charged separately, and sentenced on distinct dates and without any formal

As discussed, counsel nonetheless raised the issue of consolidation. And although he did not expressly argue that the application of the amended guidelines violated the *ex post facto* clause, he was not ineffective in failing to raise a meritless claim. *See Freeman*, 536 F.3d at 1233. In the absence of deficient performance or resulting prejudice, this claim is due to be denied.

**Ground Five – Incorrect Elements Mentioned During Change of Plea Hearing**

In Ground Five, Broderick contends that trial counsel "was ineffective in failing to object to the defendant orally pleading guilty to the elements . . . and the charge felon in possession of a firearm . . . when the plea agreement that he signed to plea guilty to the charge of possession of firearms in furtherance of a drug trafficking crime." (cv Dkt. 2 at 11). He contends that his guilty plea was therefore not knowing and voluntary. (Id.). He cites Rule 11 of the Federal Rules of Criminal Procedure for the proposition that he must be adequately informed and understand "the nature of each charge to which the defendant is pleading." (Id.).

It is true that during the change of plea hearing the Magistrate Judge stated that the United States must prove the elements of felon in possession of a firearm, rather than possession of a firearm in furtherance of a drug trafficking crime. (cr Dkt. 54 at 31). Earlier in the hearing, however, the Magistrate Judge correctly explained that he was pleading guilty to possession of a firearm in furtherance of a drug trafficking crime. (Id. at 14). Moreover, the correct elements were included in the plea agreement. (cr Dkt. 24 at 2).

Additionally, in appellate counsel's *Anders* brief, he raised this issue as it related to the validity of the guilty plea and Rule 11. *Broderick*, 2015 WL 6777722, *11-12. He also explained

---

consolidation order. (Id. at 8, 10, 13-14); *see, e.g.*, *United States v. McMullen*, 154 F. App'x 177, 181 (11th Cir. 2005) (noting that despite concurrent sentences, the court has "found that sentences imposed on the same day were *not* functionally consolidated when they were not subject to a formal consolidation order").

that Broderick had stipulated to the factual basis in the plea agreement, which used the correct elements. *Id.* at *12-15; (cr Dkt. 24 at 1-2). As discussed, the Eleventh Circuit conducted an "independent review of the entire record," agreed with "counsel's assessment of the relative merit of the appeal," and affirmed Broderick's conviction and sentence. (cr Dkt. 60).

Accordingly, the misstatement relating to the elements of Count Four did not render Broderick's guilty plea involuntary or unknowing or counsel's assistance ineffective. The claim is therefore due to be denied.

### Ground Six – Rule 11 Violations

In Ground Six, Broderick contends counsel should have argued

> 1) The district court failed to determine factual basis for [his] guilty plea; 2) The district court failed to determine whether [he] understood nature of charge before pleading guilty; 3) The district court's errors at the plea hearing affected [his] substantial rights.

(cv Dkt. 2 at 13). However, Broderick stipulated to the factual basis at the change of plea hearing. (cr Dkt. 54 at 38). And the record demonstrates that the Court complied with Rule 11, which "imposes upon a district court the obligation and responsibility to conduct an inquiry into whether the defendant makes a knowing and voluntary guilty plea." *United States v. Symington*, 781 F.3d 1308, 1314 (11th Cir. 2015) (citation omitted). That inquiry "must address three core concerns underlying Rule 11: (1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea." *Id.* (internal quotation marks and citations omitted).

Broderick's plea colloquy demonstrates that the three core concerns of Rule 11 were met. He acknowledged that the guilty plea was free from coercion, that he understood the nature of the charges, and was aware of the consequences of his guilty plea, including that he was giving up his

constitutional right to a jury trial. (cr Dkt. 54 at 12, 14, 24-25, 38). He was also informed of the offenses' maximum sentences. (Id. at 26). Indeed, the adequacy of the Rule 11 colloquy was raised by appellate counsel in his *Anders* brief. *Broderick*, 2015 WL 6777722, at *24-32. The Eleventh Circuit agreed with his assessment of the merits of the appeal and affirmed the convictions and sentence. (cr Dkt. 60).

Accordingly, the record belies Broderick's claim, and in the absence of deficient performance and resulting prejudice, it is due to be denied.[15]

### Ground Seven – Factual Basis of Firearm Offense

In Ground Seven, Broderick contends trial counsel was ineffective

> in failing to object to the district court's error in failing to determine that there was factual basis for defendant's plea of guilty to possession of firearms in furtherance of drug trafficking crime, by failing to establish that defendant intended to possess firearms in furtherance of drug crime; plea agreement only stated that marijuana and cocaine was found on the dining room table and three firearms was found in bedroom in a dresser drawer.

(cv Dkt. 2 at 13, 15). He fails, however, to cite to any authority that has found ineffective assistance where counsel did not object to the sufficiency of the factual basis at a change of plea hearing. Indeed, Broderick chose to plead guilty to Count Four, stipulated to the plea agreement, and

---

[15] Broderick also contends his plea was not supported by a factual basis, specifically the possession of cocaine with intent to distribute conviction. (cv Dkt. 2 at 13). He also purports to invoke the "usable quantity" doctrine and "personal use" defense. *Id.* To the extent he raises an actual innocence claim, and even assuming such a freestanding claim is available, it fails. *See Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1010-11 (11th Cir. 2012).

Here, the stipulated factual basis demonstrates that law enforcement found in his residence various controlled substances, including a "baggie that contained about .2 grams of a substance that appeared to be crack cocaine and tested positive for cocaine," plastic baggies, digital scales, and equipment used to cook cocaine. (cr Dkt. 54 at 35-36). Law enforcement further observed him attempt to make a drug transaction with a man at his door in June 2014. (Id. at 37). And the sufficiency of the factual basis was raised by appellate counsel in his *Anders* brief. *Broderick*, 2015 WL 6777722, at *33-34. The Eleventh Circuit agreed with his assessment of the merits of the appeal and affirmed the convictions and sentence. (cr Dkt. 60).

entered his guilty plea knowingly and voluntarily.[16] Counsel is not ineffective in failing to raise a meritless argument. *See Freeman*, 536 F.3d at 1233. Accordingly, the claim is due to be denied.

### Ground Eight – Downward Departure and Variance

In Ground Eight, Broderick contends counsel was "ineffective in failing to object to the district court's error when the court sentenced [him] under a Mandatory Sentencing Guideline scheme and didn't make a ruling on [his] motion for a variance." (cv Dkt. 2 at 17). He argues that the Court did not understand its discretion to vary from the advisory guidelines range. (Id.).

The record belies his claim. At sentencing, the Court noted that counsel "ma[de] a good argument for departure under 4A1.3," and granted a downward departure for overrepresentation of Broderick's criminal history, resulting in a guidelines range of 235 to 293 months. (cr Dkt. 55 at 44). The Court then determined that a sentence within this range was "greater than necessary to achieve the statutory purposes of sentencing" and varied below the guidelines to 180 months imprisonment as to Count Three. (cr Dkt. 55 at 42-45; cr Dkt. 42). As to Count Four, the mandatory minimum sentence of 60 months to run consecutively was imposed. (cv Dkt. 55 at 45).

Accordingly, counsel was not ineffective in failing to object to the sentence, since the Court both granted a downward departure from the guidelines and a varied below the revised range. In the absence of deficient performance and resulting prejudice, the claim fails.

---

[16] To the extent he raises an actual innocence claim, and even assuming such a freestanding claim is available, it fails. The stipulated factual basis reflects that, along with drugs, multiple firearms and ammunition were found in his residence, and that he had attempted to make a drug transaction with a man at his door. (cv Dkt. 24 at 20-24); *see United States v. Smith*, 173 F. App'x 742, 747 (11th Cir. 2006) (finding evidence of firearms and drugs found in residence supported conviction for possession of firearm in furtherance of drug trafficking offense). And the sufficiency of the factual basis was raised by appellate counsel in his *Anders* brief. *Broderick*, 2015 WL 6777722, at *33-34. The Eleventh Circuit agreed with his assessment of the merits of the appeal and affirmed the convictions and sentence. (cr Dkt. 60).

***Ground Nine – Consolidation of Two Predicate Offenses***

In Ground Nine, Broderick contends trial counsel was ineffective "in failing to argue prior to and at sentencing that [his] two prior predicates CF-05-1050 and CF-05-1246 had been functionally consolidated for sentencing purposes." (cv Dkt. 2 at 19). He further contends that his counsel during the state court proceedings should have been called to testify about common charging practices, plea agreements, and consolidated sentencing in state court. (Id.).

This ground for relief is duplicative of Ground Three and is due to be dismissed for the same reasons. Contrary to Broderick's assertion, counsel did argue that the record suggested the two prior felonies had been consolidated. However, the crimes were committed on different dates and charged separately, and the sentences were imposed on different dates. He does not explain with any specificity how his state counsel's testimony would have produced a lesser sentence. Accordingly, in the absence of deficient performance and prejudice, the claim fails.

***Ground Ten – Career Offender Enhancement***

In Ground Ten, Broderick contends trial counsel was ineffective in "failing to object and argue [to him] being enhanced as a career offender." (Id. at 20). He again argues that, as two drug sales over a short period of time, his predicate offenses were related and therefore should not have been counted separately. (Id.).

Contrary to Broderick's assertion, however, counsel did challenge the two prior convictions supporting the career offender enhancement. The challenge was without merit. As noted in the PSR,

> **Chapter Four Enhancement:** The defendant is a career offender as defined in USSG §4B1.1 because he was at least age 18 when he committed the instant offenses; the offense of conviction is a controlled substance offense; and the defendant has at least two prior felony convictions of either

> a crime of violence or a controlled substance offense. These convictions
> consist of: Possession of Cocaine with Intent to Sell or Deliver, and Sale of
> Cocaine, Docket No.: CF05-1050-XX (controlled substance offense); and
> Possession of Cannabis with Intent to Sell or Deliver, and Sale of Cannabis,
> Docket No.: CF05-1246-XX (controlled substance offense).

(cr Dkt. 32 ¶ 39). And to support a career offender enhancement,

> the sentences for at least two predicate convictions must be counted
> separately as a prior sentence for purposes of calculating a defendant's
> criminal-history score. Sentences are always counted separately if they
> were imposed for offenses separated by an intervening arrest. If there is no
> intervening arrest, prior sentences are counted separately unless the
> underlying offenses were charged together or the sentences were imposed
> on the same day.

*United States v. Delaney*, 639 F. App'x 592, 596-97 (11th Cir. 2016) (internal quotation marks

and citations omitted). Although there was no intervening arrest between CF05-1050 and CF05-

1246, the offenses were charged separately and the sentences were not imposed on the same day.

Accordingly, because they each counted for purposes of Broderick's criminal history score, they

counted as two separate predicate convictions to support the career offender enhancement. In the

absence of deficient performance and resulting prejudice, the claim fails.

**Ground Eleven – Criminal History Score**

In Ground Eleven, Broderick contends trial counsel was ineffective in "failing to object to

the computation of [his] criminal history score. [Counsel] should have objected and argued that

the district court erred in calculating [his] criminal history score." (cv Dkt. 2 at 22). He contends

that the PSR scored CF-05-1050 and CF-05-1245 as related but CF-05-1246 as unrelated. (Id.)

This claim is duplicative of Ground Three and is due to be dismissed for the same reasons. Counsel

did object to treating CF-05-1050 and CF-05-1246 as separate sentences. As discussed, that

objection was without merit.

***Ground Twelve – Career Offender Enhancement, Plain Language of Guidelines***

In Ground Twelve, Broderick contends trial counsel was ineffective

> in failing to argue at sentencing, that the district court erroneously applies the career offender enhancement to [him] because under the plain language of the Guidelines, a single consolidated sentence cannot be counted as separate sentences. Trial counsel was also ineffective in failing to argue that, [his] two predicates were consolidated under Florida State law. . . . Under Florida law, sentences are consolidated when they are imposed by the same judge, using the same score sheet, and made to run concurrent.
>
> There are no published authority on whether a Florida consolidated sentence is a single sentence or multiple sentences under the Guidelines. . . . [T]he rule of lenity merely requires a district court to calculate the advisory sentencing range in the way that benefits the defendant.

(Id. at 24-25). This claim is duplicative of Ground Ten and is due to be dismissed for the same reasons. First, since there was no intervening arrest between the offenses, the question is whether the sentences resulted from offenses contained in the same charging instrument or the sentences were imposed on the same day. U.S.S.G. §4A1.2(a)(2). Because the plain language of the guidelines is clear, it is unnecessary to address the rule of lenity. *See United States v. Wright*, 607 F.3d 708, 713 (11th Cir. 2010). Moreover, Broderick fails to establish that the offenses were consolidated.[17] Accordingly, in the absence of deficient performance and resulting prejudice, the claim fails.

***Ground Thirteen – Absence of Mens Rea in Predicate Convictions***

In Ground Thirteen, Broderick contends that counsel was ineffective in "failing to argue at sentencing, two predicate convictions for Florida drug crimes that have no element of mens rea

---

[17] While Broderick contends that sentences are consolidated when a court uses the same scoresheet, the Eleventh Circuit has found no clear error where a district court found that prior sentences were not consolidated despite the use of a single state sentencing scoresheet. *See United States v. Watson*, 239 F. App'x 519, 524 (11th Cir. 2007).

with respect to the illicit nature of the drug." (cv Dkt. 2 at 26). He further reasons that the two convictions under section 893.13 of the Florida Statutes are constitutionally deficient because they do not indicate the specific subsection and, therefore, he could have been convicted of a misdemeanor instead of a felony. (Id.). His contention is without merit.

His career offender enhancement required at least two prior convictions for a "controlled substance offense," which means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance or the possession of a controlled substance with intent to manufacture, import, export, distribute, or dispense. U.S.S.G. §4B1.2(b). As noted by courts in this district, "the Eleventh Circuit has rejected the notion that a conviction under Florida Statute section 893.13(1) is not 'a controlled substance offense' because it lacks a *mens rea* requirement concerning the illicit nature of the substance." *Early v. United States*, No. 3:12-cr-71-J-34JBT, 2018 WL 1618040 (M.D. Fla. April 4, 2018) (citing *United States v. Pridgeon*, 853 F.3d 1192, 1197-1201 (11th Cir. 2017); *United States v. Smith*, 775 F.3d 1262, 1267-68 (11th Cir. 2014) (noting that the definition of "controlled substance offense" does not "require[] that a predicate state offense includes an element of *mens rea* with respect to the illicit nature of the controlled substance"). And he does not support his contention that he could have been convicted of a misdemeanor, which is in any event belied by the record.

Accordingly, counsel was not ineffective in failing to raise a meritless argument. In the absence of deficient performance and resulting prejudice, the claim fails.

***Ground Fourteen – Prior Conviction for Sale of Cannabis Was Controlled Substance Offense***

In Ground Fourteen, Broderick contends that trial counsel was ineffective "in failing to object to and failing to argue [his] prior conviction under Fla. Statute 893.13(1)(a)(2), for sale of cannabis was not a 'Controlled substance offense' and could not serve as a predicate for career offender sentencing." (cv Dkt. 2 at 29). He reasons that the Florida statute "criminalizes conduct that is not included within the Guidelines definition of a 'controlled substance offense.'" (Id). He further contends that, based on the jury instructions which he includes in his memorandum, "it can be said that the jury convicted [him] in case CF-05-1246, for simple possession of cannabis under 20 grams (actual or constructive) by transferring or delivering the cannabis to someone with someone promising money or something of value." (Id. at 30; cv Dkt. 2-1). His contentions are without merit.

Under Florida law, possession with intent to sell, manufacture, or deliver cannabis, and the sale, manufacture, or delivery of cannabis are third-degree felonies punishable by more than one year imprisonment. Fla. Stat. § 893.13(1)(a)(2) (2005); Fla. Stat. § 775.081 (2005). Indeed, courts have found that possession of cannabis with intent to sell and possession of cocaine with intent to sell are both "controlled substance offenses." *See United States v. Johnson*, 641 F. App'x 875, 876 (11th Cir. 2016); *United Sates v. Burton*, 564 F. App'x 1017, 1019 (11th Cir. 2014).

In CF05-1246, Broderick was charged with possession of cannabis with intent to sell and sale of cannabis, in violation of section 893.13. (Dkt. 10-3 at 2). The information reflects that both are third-degree felonies. (Id.). Broderick was found guilty of the charges and sentenced. (cr Dkt. 32 ¶ 71). Accordingly, CF05-1246 constitutes a controlled substance offense and could support a career offender enhancement. Additionally, the amount of cannabis and any lack of proof that

Broderick was paid or received something of value are irrelevant. *See United States v. Gilmore*, 631 F. App'x 711, 713-14 (11th Cir. 2015) (noting that drug convictions that did not require the exchange of money could constitute controlled substance offenses).

Accordingly, Broderick's prior conviction of possession with the intent to distribute cannabis constituted a "controlled substance offense" and supported the career offender enhancement. Counsel was not ineffective in failing to raise a meritless argument, and in the absence of deficient performance and prejudice, Broderick's claim fails.

***Ground Fifteen – Failure to File a Motion to Suppress and Pursue Pre-trial Franks Hearing***

Broderick's final claim is that trial counsel was ineffective in "failing to file a motion to suppress evidence and failing to file a pre-trial Franks hearing. Counsel . . . filed a motion to withdraw from representing the defendant after defendant asked counsel to file for both hearings. Counsel . . . refuse[d] to file a motion to suppress the evidence gained from the unconstitutional search of defendant's residence prior to obtaining the search warrant on February 21, 2014." (cv Dkt. 2 at 32).[18] He further contends that counsel "should have argued the validity of the search warrant and the perjurious statements in support of the warrant." (Id. at 34). These claims are waived and, alternatively, without merit.

As the United States points out, pre-plea ineffective assistance of counsel claims are waived by the entry of a knowing and voluntary guilty plea. *See, e.g.*, *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992). This includes challenges to potentially illegal searches and

---

[18] Prior to Broderick's change of plea, counsel moved to withdraw on the basis that Broderick insisted he file a meritless motion to suppress. (cr Dkt. 20). The motion was denied, since the disagreement over the motion to suppress did not meet the narrow grounds for termination and that Broderick failed to establish a conflict of interest or complete breakdown in communication necessitating withdrawal. (cr Dkt. 22).

seizures. *See Franklin v. United States*, 589 F.2d 192, 194-95 (5th Cir. 1979). And in entering his knowing and voluntary guilty plea, Broderick expressly waived his right to challenge the evidence against him and the manner in which it was obtained. (cr Dkt. 54 at 29-30). Accordingly, Broderick waived any challenge to the searches and seizures, including by moving for a *Franks* hearing.[19]

Even if the claims were not waived, they are without merit. Upon review, Broderick has not clearly established that there were grounds for a nonfrivolous motion to suppress or a *Franks* hearing. (cv Dkt. 2 at 32-36; cv Dkt. 13-1 at 9-14). His counsel was not ineffective in failing to raise a meritless argument. Accordingly, in the absence of deficient performance and resulting prejudice, Broderick's final claim is due to be denied.

---

[19]  To be entitled to a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), a defendant must make a "substantial preliminary showing" that an affiant to a warrant made intentionally false or recklessly misleading statements, and that those statements were necessary to the finding of probable cause. *See United States v. Barsoum*, 763 F.3d 1321, 1328 (11th Cir. 2014).

## Certificate of Appealability ("COA")

A COA will not be granted. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted). Broderick cannot meet this standard. Because he is not entitled to a COA, he is not entitled to appeal in forma pauperis.

## CONCLUSION

Petitioner Broderick's § 2255 motion is **DENIED**. The Clerk is directed enter judgment in favor of the United States and against Broderick, and to **CLOSE** the case.

**DONE AND ORDERED** this 30th day of March, 2020.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Petitioner, Counsel of Record